UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMPEY PAIN GROUP, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>HORIZON HEALTHCARE SERVICES d/b/a HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY,<br><br>Defendant. | Civil Action No.<br><br>21-17815 (JXN) (LDW)<br><br>**REPORT AND RECOMMENDATION** |

**LEDA DUNN WETTRE, United States Magistrate Judge**

This matter having been opened by the Court *sua sponte* based on plaintiffs Champey Pain Group, LLC, Mine Hill Surgical Center, LLC, and Mine Hill Anesthesia Group, LLC's failure to comply with this Court's July 24, 2025 Order directing them to appear by counsel no later than August 25, 2025, as well as their failure to appear before the undersigned for a September 11, 2025 case management conference, (ECF 120), it is respectfully recommended that plaintiffs' Amended Complaint be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

I.     BACKGROUND

Champey Pain Group is a New Jersey limited liability company and licensed medical practice that specializes in providing interventional pain management and minimally invasive spine surgery and treatments. (Compl. ¶ 1, ECF 1-1). Mine Hill Surgical Center is a New Jersey limited liability company that provides ambulatory surgical services. (*Id.* ¶ 2). Mine Hill Anesthesia Group is a New Jersey limited liability company and licensed medical practice that specializes in administration of anesthesia. (*Id.* ¶ 3). Initially represented by Nagel Rice, LLP,

plaintiffs filed this action in the Superior Court of New Jersey, Law Division, Essex County on August 26, 2021 to recoup insurance benefits allegedly denied or underpaid by defendant Horizon Healthcare Services. (*Id.* ¶¶ 15-17). Defendant removed the action to this Court on September 29, 2021. (ECF 1). Plaintiffs filed an Amended Complaint on December 14, 2021, (ECF 13), and defendant moved to dismiss the Amended Complaint on January 26, 2022. (ECF 17).

The parties then embarked on a years-long process to try to narrow the universe of claims in dispute and then mediate those claims; given the volume of insurance claims at issue and the length of time the parties required to try to resolve them, the Court administratively terminated defendant's motion to dismiss, (ECF 24), and later the case in its entirety. (ECF 51). The mediation process proved unsuccessful, and, on August 23, 2023 Nagel Rice notified the Court that it no longer represented the plaintiffs. (ECF 57). On November 7, 2023, Nagel Rice formally moved for leave to withdraw as plaintiffs' counsel due to a breakdown in the attorney-client relationship as well as plaintiffs' failure to reimburse counsel for expenses in accordance with the retainer agreement. (ECF 65). The Court granted Nagel Rice's application by Order dated December 20, 2023 and directed plaintiffs to appear by substitute counsel no later than January 19, 2024. (ECF 70).

Steven Yuniver of Sinayskaya Yuniver P.C. entered an appearance on behalf of all plaintiffs on January 18, 2024. (ECF 72). The Court afforded new counsel several months to circulate a proposed Second Amended Complaint in an effort to obtain defendant's consent to its filing and to address a potential misjoinder issue identified by the Court. (ECF 84, 86, 88, 95, 97). However, a Second Amended Complaint was never filed; in October 2024, the parties notified the Court of a foreclosure action against Mine Hill Surgical Center, (ECF 96, 98), and on December 3, 2024, plaintiffs' counsel requested leave to file a motion to withdraw. (ECF 99). On January

7, 2025, Sinayskaya Yuniver formally moved to withdraw as plaintiffs' counsel due to plaintiffs' failure to provide counsel with information necessary for the prosecution of their claims and failure to fulfill their payment obligations under the retainer agreement. (ECF 101). The Court granted Sinayskaya Yuniver's motion to withdraw by Order dated January 22, 2025 and directed plaintiffs to appear by substitute counsel no later than March 5, 2025. (ECF 103). The Court subsequently granted Edward J. Champey, M.D.'s request for extension of time to obtain new counsel for the corporate entities and set a new deadline of April 30, 2025. (ECF 106).

Michael Kivowitz of Mandelbaum Barrett, P.C. entered an appearance on behalf of all plaintiffs on April 30, 2025. (ECF 107). Two weeks later, Mandelbaum Barrett moved to withdraw because plaintiffs failed to execute the engagement agreement and pay the firm's retainer. (ECF 108). The Court granted Mandelbaum Barrett's application by Order dated June 3, 2025 and directed plaintiffs to appear by substitute counsel no later than July 14, 2025. (ECF 113). The June 3, 2025 Order further noted that "Mandelbaum Barrett, P.C. is the third law firm to withdraw from representing plaintiffs over the past eighteen months, and plaintiffs' repeated failure to meet their financial obligations to their counsel has stymied the progress of the case. Plaintiffs are hereby placed on notice that failure to appear by counsel by July 14, 2025 will result in entry of a recommendation that this action be dismissed without prejudice." (*Id.*). However, withdrawing counsel claimed that he did not receive notice of the June 3, 2025 Order granting leave to withdraw and consequently did not serve copies on the plaintiffs until July 23, 2025, after the deadline to appear by new counsel had passed. (ECF 118, 119). To account for withdrawing counsel's undue delay, the Court entered an Order dated July 24, 2025 affording plaintiffs one final opportunity to appear by substitute counsel and extended the deadline for them to do so until August 25, 2025. (ECF 120). Again, the Court warned plaintiffs that "failure to appear by counsel

by August 25, 2025 will result in entry of a recommendation that this action be dismissed without prejudice." (*Id.*). The Court additionally scheduled a telephonic status conference for September 11, 2025. (*Id.*).

Mandelbaum Barrett served copies of the July 24, 2025 Order on Champey Pain Group, Mine Hill Surgical Center, and Mine Hill Anesthesia Group by overnight mail, regular mail, and email on July 25, 2025 and July 28, 2025. (ECF 121, 122). No representative for the plaintiffs appeared at the September 11, 2025 conference before the undersigned or contacted the Court to request an adjournment. To date, no new counsel has appeared on behalf of the plaintiffs, leaving the case at a standstill.

## II.  DISCUSSION

"'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.' The same applies to LLCs, even those with only a single member, because even single-member LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 F. App'x 71, 72 (3d Cir. 2012) (per curiam) (quoting *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993)). *See In re 69 N. Franklin Tpk., LLC*, 693 F. App'x 141, 144 (3d Cir. 2017) ("It is well established that a corporate entity such as a limited liability company may not proceed pro se and must be represented by legal counsel."); *W. Trenton Hardware, LLC v. Brooklyn Textiles, LLC*, 21-cv-17662 (GC), 2024 WL 3580746, at *3 (D.N.J. July 30, 2024) ("It is well settled that a limited liability company, like Brooklyn Textiles, must be represented by counsel to prosecute a claim in this District.").

Having granted three law firms leave to withdraw, the Court set a final deadline of August 25, 2025 for plaintiffs, all of which are corporate entities, to appear by new counsel to prosecute this action. They have not done so. The Court's July 24, 2025 Order notified plaintiffs that failure

4

to appear by counsel by the final deadline will result in entry of a recommendation that this action be dismissed without prejudice. Absent legal representation, plaintiffs' claims cannot proceed and there is nothing further this Court can do to move the case to a resolution on the merits.

Dismissal of an action or a claim may be appropriate for "fail[ure] to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Typically, the Court considers the factors set forth in *Poulis v. State Farm Fire and Casualty Company*, 747 F.2d 863 (3d Cir. 1984), to determine whether dismissal of a complaint is appropriate, but "it is not uncommon for a court to summarily dismiss a corporate party for failure to retain counsel – that is, without a full *Poulis* analysis." *Sync Labs LLC v. Fusion Mfg.*, 11-cv-3671 (WHW), 2014 WL 2601907, at *4 (D.N.J. June 11, 2014). *See, e.g.*, *CRA, Inc. v. Ozitus Int'l, Inc.*, 16-cv-5632 (JBS), 2019 WL 1493366, at *2 (D.N.J. Apr. 4, 2019) (finding *Poulis* analysis unnecessary where corporate plaintiff failed to appear by counsel and dismissing complaint with prejudice); *Curbison v. U.S. Gov't of N.J.*, 05-cv-5280 (JBS), 2006 WL 3544560, at *4 (D.N.J. Dec. 7, 2006) ("Because Plaintiffs Neleh Company [LLC] and Black Eagle [LLC] are represented by *pro se* plaintiff Achilles Curbison, and not by licensed counsel, the Amended Complaint must be dismissed as to those two plaintiffs."), *aff'd*, 242 F. App'x 806 (3d Cir. 2007) (per curiam).

In any event, the *Poulis* analysis supports dismissal. The *Poulis* factors are:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

1. **Plaintiffs' Personal Responsibility.** Plaintiffs complied with two prior Orders to appear by new counsel following a law firm's withdrawal, and they successfully communicated with the Court in the past when they needed additional time to secure representation. Plaintiffs received timely notice of the Court's July 24, 2025 Order directing them to appear by counsel or face dismissal of their claims. There can be no question that plaintiffs are aware that they cannot proceed *pro se*, but they have not retained new counsel or indicated any intent to do so. Plaintiffs have shown that they are capable of complying with the Court's Orders, and they alone bear responsibility for their failure to comply with the July 24, 2025 Order to appear by counsel. *See Brooklyn Waffles, LLC v. Silk City Snacks LLC*, 20-cv-15846 (JSA), 2022 WL 2251127, at *2 (D.N.J. May 19, 2022), *R&R adopted*, 2022 WL 2239116 (D.N.J. June 22, 2022) (finding that LLC plaintiff that failed to appear by counsel as directed bore responsibility for case's inaction and recommending dismissal). As such, this factor weighs in favor of dismissal.

2. **Prejudice to Defendant.** Plaintiffs' failure to comply with the Order to appear by counsel has halted the progress of a case Horizon has been defending for four years, prejudicing defendant. There is no indication that plaintiffs intend to resume prosecution of this matter. Therefore, this factor weighs in favor of dismissal.

3. **History of Dilatoriness.** "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 135 (3d Cir. 2019) (quotation omitted). Plaintiffs initiated this action in 2021 but have made no meaningful effort to move the case forward, with each former attorney reporting that plaintiffs failed to provide information necessary to prosecute the claims or file a Second Amended Complaint. Moreover, plaintiffs' repeated changes of counsel delayed this action by approximately one year, including: from August 23, 2023 to January 18, 2024, with respect to the withdrawal of Nagel Rice; from

December 3, 2024 to April 30, 2025 with respect to the withdrawal of Sinayskaya Yuniver; and from May 14, 2025 to August 25, 2025 with respect to the withdrawal of Mandelbaum Barrett. Plaintiffs' dilatory conduct further weighs in favor of dismissal.

4. **Willfulness or Bad Faith.** The Court does not find that plaintiffs are proceeding in bad faith, but their failure to comply with the Court's July 24, 2025 Order to appear by counsel plainly is willful. *See Brooklyn Waffles*, 2022 WL 2251127, at *3 (finding willfulness where LLC "Plaintiff has made no effort to comply with its obligations to prosecute its claims or explain its inability to do so, despite being warned of the consequences of failing to prosecute this action"); *First Franklin Fin. Corp. v. Rainbow Mortg. Corp.*, 07-cv-5440 (AMD), 2010 WL 4923341, at *5 (D.N.J. Oct. 19, 2010) (finding defendant's failure to cooperate with prior counsel and retain substitute counsel following withdrawal to be willful conduct supporting striking answer), *R&R adopted*, 2010 WL 4923326 (D.N.J. Nov. 23, 2010). The history of the case, taken as a whole, suggests that plaintiffs have abandoned the prosecution of their claims, supporting dismissal.

5. **Effectiveness of Alternative Sanctions.** The foreclosure proceedings against Mine Hill Surgical Center and plaintiffs' repeated failure to satisfy their financial obligations to their lawyers suggest that monetary sanctions against plaintiffs would be ineffective. As plaintiffs cannot prosecute this case without legal representation, and as further proceedings are impracticable when the Court has no ability to communicate with the plaintiffs, no lesser sanction than dismissal is available.

6. **Meritoriousness of the Claim.** Given that defendant's motion to dismiss the Amended Complaint was administratively terminated and never adjudicated and plaintiffs never filed a Second Amended Complaint, this Court cannot evaluate the meritoriousness of plaintiffs' claims.

Taken together, the Court finds the *Poulis* factors weigh decidedly in favor of dismissing plaintiffs' claims without prejudice.

### III.   CONCLUSION

For the foregoing reasons, the Court recommends that plaintiffs' Amended Complaint be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  The parties are hereby advised that, pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, they have 14 days after being served with a copy of this Report and Recommendation to file and serve specific written objections to the Honorable Julien Xavier Neals, U.S.D.J.  The Clerk of Court is directed to serve copies of this Report and Recommendation by U.S. Mail to:

1. Champey Pain Group, 195 Route 46 Suite 200, Mine Hill Township, New Jersey 07803
2. Mine Hill Surgical Center, 195 Route 46 Suite 202, Mine Hill Township, New Jersey 07803
3. Mine Hill Anesthesia Group, 195 Route 46 Suite 201, Mine Hill Township, New Jersey 07803

Dated:  September 22, 2025

                                                     *s/ Leda Dunn Wettre*
                                                     Hon. Leda Dunn Wettre
                                                     United States Magistrate Judge

cc:   Hon. Julien Xavier Neals, U.S.D.J.